UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Clifton Lee Davis, *a/k/a Clifton L. Davis*, ) | C/A No. 9:15-3268-JMC-BM |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| State of South Carolina, ) | |
| ) | |
| Respondent. ) | |
| ) | |

The Petitioner, Clifton Lee Davis, proceeding pro se and in forma pauperis, brings this Petition requesting a writ of coram nobis. He is an inmate at the Turbeville Correctional Institution of the South Carolina Department of Corrections.

Under established local procedure in this judicial district, a careful review has been made of the pro se Petitioner pursuant to the procedural provisions of 28 U.S.C. § 1915 and § 1915A, the Prison Litigation Reform Act, Pub.L. No. 104–134, 110 Stat. 1321 (1996), and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992), Neitzke v. Williams, 490 U.S. 319 (1989), Haines v. Kerner, 404 U.S. 519 (1972), Nasim v. Warden, Maryland House of Corr., 64 F.3d 951 (4th Cir. 1995), and Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983). Pro se Petitions are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a pro se Petition to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972); Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555–56 (2007)).



However, even when considered pursuant to this liberal standard, for the reasons set forth herein below this case is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662 (2009) [outlining pleading requirements under the Federal Rules of Civil Procedure].

## Discussion

In his pleading titled "Coram Nobis Affidavit in Support of Motion to Vacate Judgment Under Rules 60B(3)(4)(5), Base[d] upon Fraud being Place[d] upon Court," Petitioner seeks vacation of the judgments and sentences of imprisonment (99-GS-33-246) imposed upon him by the state court. Petition, ECF No. 1 at 1, 4. Notably, he is challenging the same convictions and sentences (a thirty year sentence as to charges of distribution of crack cocaine and a concurrent fifteen year sentence as to a charge of distribution of crack cocaine within proximity of a school) he challenged in a previous petition filed in this Court pursuant to 28 U.S.C. § 2254. See Davis v. Stevenson, No. 9:08-3255-GRA-BM (D.S.C. 2009).[1] See id. at 1-10. Petitioner requests that this Court grant him a new trial or vacate his sentences. ECF No. 1 at 10.

"The authority of a federal court to issue a writ of coram nobis derives from the All Writs Act, codified at 28 U.S.C. § 1651(a)." Bereano v. United States, 706 F.3d 568, 575 (4th Cir. 2013). As a state prisoner, Petitioner cannot bring a coram nobis action in federal court because the writ of coram nobis has been abolished in civil cases. See Fed.R.Civ.P. 60(e) ["The following are

---



[1] See Aloe Creme Laboratories, Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970) ["The District Court clearly had the right to take notice of its own files and records."].

2

abolished:....writs of coram nobis..."]; Bereano, 706 F.3d at 576 n. 8; see also Lowery v. McCaughtry, 954 F.2d 422, 423–24 (7th Cir.1992)[("We may dispose at once of [the plaintiff's] contention that a federal court may issue a writ in the nature of a coram nobis annulling Georgia convictions."); Werner v. Carbo, 731 F.2d 204, 207 (4th Cir.1984)[noting abolition of "writs of coram nobis, coram vobis, audita querela, bills of review, and bills in the nature of a bill of review"]; McKelvey v. Rivera, Civil Action No. 4:10–422–HFF–TER, 2010 WL 2985965, at *1 n. 3 (D.S.C. June 18, 2010) ["The writ of *coram nobis* has been abolished in federal *civil* practice."], adopted, 2010 WL 2985963 (D.S.C. July 27, 2010), affirmed, 406 F. App'x 709 (4th Cir. Dec 29, 2010); Mosbarger v. Superior Court of Contra Costa, No. C 95-4072 MMC, 1995 WL 743721 (N.D.Cal. Dec.8, 1995); but see United States v. Denedo, 556 U.S. 904, 920-921 (2009). Further, even if still a valid procedure, Petitioner has filed his petition for a writ of coram nobis in the wrong court, as a petition for writ of coram nobis is to be filed in the court in which the judgment was rendered. See Lowery v. McCaughtry, 954 F.2d at 423; Mosbarger v. Superior Court of Contra Costa, 1995 WL 743721, at *1 n. 2; Thomas v. Cunningham, 335 F.2d 67, 69 (4th Cir. 1964). The judgments at issue here were rendered in the South Carolina Court of General Sessions, not this Federal Court.

Finally, it appears Petitioner may have labeled the current action as a writ of coram nobis to avoid having the claim deemed a "successive" habeas corpus action pursuant to 28 U.S.C. § 2244(b). However, to the extent Petitioner's action may be construed as an attempt to obtain habeas relief,[2] it should be dismissed as successive. Petitioner has filed two previous habeas actions

---

[2]To the extent that this Petition can be construed as being brought pursuant to 28 U.S.C. § 2254, this Court is also charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.



3

(Davis v. Stevenson, No. 9:08-3255-GRA-BM, 2009 WL 2256022 (D.S.C. May 12, 2009), adopted, 2009 WL 2048958 (D.S.C. July 10, 2009)[3]; and Davis v. Knowlin, No. 9:14-cv-00453-JMC (D.S.C.)),[4] and the present petition is a third case filed by Petitioner with respect to his state convictions. In order for this Court to consider a successive § 2254 petition, Petitioner must obtain a Pre-Filing Authorization from the United States Court of Appeals for the Fourth Circuit pursuant to 28 U.S.C. § 2244(b)(3). See In re Williams, 364 F.3d 235, 238 (4th Cir. 2004) [the "initial determination of whether a claim satisfies" the requirements of § 2244(b)(2) "must be made by a court of appeals"]; In re Fowlkes, 326 F.3d 542, 544 (4th Cir. 2003) ["Since Fowlkes has previously filed a section 2254 motion, he may only file a successive section 2254 motion if he receives authorization from this court [the Fourth Circuit Court of Appeals] under the standard established in section 2244(b)(3)(C)."]; United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003)["In the absence of pre-filing authorization [from the court of appeals], the district court lacks jurisdiction to consider an application containing abusive or repetitive claims."]. There is no indication that Petitioner has requested and received permission from the United States Fourth Circuit Court of Appeals before he submitted this Petition; therefore, this Court does not have jurisdiction to consider this action under habeas corpus.[5]

---

[3]Petitioner's first § 2254 action, in which summary judgment was granted to the respondent and the petition was dismissed with prejudice, was adjudicated on the merits. See Slack v. McDaniel, 529 U.S. 473, 485-89 (2000) [to qualify as a "successive" petition, prior petition must have been adjudicated on the merits].

[4]Petitioner's second habeas petition was dismissed as successive.

[5]The issue of successiveness of a habeas petition may be raised by the court sua sponte. Rodriguez v. Johnson, 104 F.3d 694, 697 (5th Cir. 1997).

4

## Recommendation

Based on the foregoing, it is recommended that the instant Petition for a Writ of Coram Nobis be summarily dismissed without prejudice and without requiring Respondent to file a return. See Eriline Co. S.A. v. Johnson, 440 F.3d 648, 656 (4th Cir. 2006)[district courts are charged with the duty to independently screen initial filings and dismiss those actions that plainly lack merit without requesting an answer from the respondent].

Petitioner's attention is directed to the important notice on the next page.

_____
Bristow Marchant
United States Magistrate Judge

January 26, 2016
Charleston, South Carolina

5



### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

