# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# BEAUFORT DIVISION

| | |
|---|---|
| Clifton Lee Davis, )<br> )<br>Petitioner, )<br> )<br>v. )<br> )<br>State of South Carolina, )<br> )<br>Respondent. )<br>_____) | Civil Action No.: 9:15-cv-03268-JMC<br><br>**ORDER AND OPINION** |

Petitioner Clifton Davis ("Petitioner"), proceeding pro se and *in forma pauperis*, brings this Petition for Writ of Coram Nobis alleging various constitutional violations and "fraud on the court". (ECF No. 1). Petitioner is currently incarcerated at the Tuberville Correctional Institution within the South Carolina Department of Corrections ("SCDC"). Petitioner requests that this court vacate his convictions and sentences for distribution of crack cocaine and distribution of crack cocaine within proximity of school imposed upon him by the Marion County, South Carolina, Court of General Sessions. (ECF No. 1 at 10).

This matter is before the court pursuant to 28 U.S.C. § 1915(e)(2)(B), which requires the court to dismiss civil actions filed *in forma pauperis* if they are frivolous or fail to state a claim upon which relief can be granted. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02, D.S.C., the matter was referred to United States Magistrate Judge Bristow Marchant for a Report and Recommendation. On January 27, 2016, the Magistrate Judge issued a Report and Recommendation ("Report") recommending the court dismiss the Petition without prejudice and without requiring the Respondent to file a return because this court is not the appropriate venue for such a petition. (ECF No. 14). The Report sets forth the relevant facts and legal standards, which this court incorporates herein without a recitation.

1

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Matthews v. Weber*, 423 U.S. 261, 270-71 (1976). This court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation, or recommit the matter with instructions. *See* 28 U.S.C. § 636 (b)(1).

Objections to a Report and Recommendation must specifically identify portions of the Report and the basis for those objections. Fed. R. Civ. P. 72(b). "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Failure to timely file specific written objections to a Report will result in a waiver of the right to appeal from an Order from the court based upon the Report. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). If the petitioner fails to properly object because the objections lack the requisite specificity, then *de novo* review by the court is not required.

Petitioner was notified of his right to file objections to the Report. (ECF No. 14 at 6). Petitioner was required to file objections by February 16, 2016. To date, Petitioner has not filed any objections to the Magistrate Judge's Report. Accordingly, this court has reviewed the Report

and does not find clear error. Petitioner filed this coram nobis action in federal court seeking relief from a sentence imposed by a South Carolina state court. (ECF No. 1 at 1). The Magistrate Judge properly determined that coram nobis actions have been abolished in federal civil cases such as this one. (ECF No. 14 at 2-3 citing *Bereano v. United States*, 706 F.3d 568, 576 n. 8 (4th Cir. 2013) (noting that the adoption of Fed. R. Civ. P. 60(b) abolished the writ of coram nobis in civil cases)). Further, even if coram nobis actions were still cognizable in such a case, the Magistrate Judge properly noted that federal court is not the proper venue for a coram nobis action based on a judgment entered in a state court. (*See* ECF No. 14 at 3 citing *Thomas v. Cunningham*, 335 F.2d 67, 69 (4th Cir. 1964)). Finally, this court finds the Magistrate Judge properly concluded that to the extent this coram nobis action is an attempt to obtain habeas relief, this court does not have jurisdiction to review the claim. As noted in the Report, this is Petitioner's third petition for relief from the aforementioned convictions, and there is no indication that Petitioner sought permission from the United States Court of Appeals for the Fourth Circuit to file this petition. (*See* ECF No. 14 at 3-4).

## III. CONCLUSION

Based on the aforementioned reasons and a thorough review of the Report of the Magistrate Judge and the record in this case, the court **ADOPTS** the Report of the Magistrate Judge (ECF No. 14). It is therefore ordered that this Petition (ECF No. 1) is **DISMISSED** with prejudice and without requiring Respondent to file a return.

### Certificate of Appealability

The law governing certificates of appealability provides that:

(c)(2) A certificate of appealability may issue… only if the applicant has made a substantial showing of the denial of a constitutional right.
(c)(3) The certificate of appealability… shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

May 18, 2016
Columbia, South Carolina